APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Zakhar Balakirev | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
| City of Philadelphia, et. al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| March 4, 2009 | Jay A. Hochberg | PLaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 825-5183 | (215) 279-8702 | jay@hlzlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: _13068 Townsend Road, Philadelphia, PA 19154_

Address of Defendant: _City of Philadelphia Law Dept., 1515 Arch Street, Phila. PA 19102_

Place of Accident, Incident or Transaction: _3700 Delaware Avenue, Philadelphia, PA_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?                                                                 Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                                      Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                                                      Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                                                      Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                                                      Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _Jay A. Hochberg_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _March 4, 2009_          _Jan A Hochberg_          89232
                            Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court
except as noted above.

DATE: _3/4/2009_          _Jan A Hochberg_          _89232_
                        Attorney-at-Law                Attorney I.D.#

CIV. 609 (6/08)

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ___13068 Townsend Road, Philadelphia, PA 19154___

Address of Defendant: ___City of Philadelphia Law Dept., 1515 Arch Street, Phila. PA 19102___

Place of Accident, Incident or Transaction: ___3700 Delaware Avenue, Philadelphia, PA___
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☒

Does this case involve multidistrict litigation possibilities?      Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, ___Jay A. Hochberg___, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: ___March 4, 2009___      _Jay A Hochberg_      ___89232___
                                   Attorney-at-Law            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/4/2009_      _Jay A Hochberg_      _89232_
                          Attorney-at-Law            Attorney I.D.#

CIV. 609 (6/08)

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Zakhar Balakirev

13068 Townsend Road, Apt. 81

**DEFENDANTS**

City of Philadelphia; Police Officers Joseph Wolk and Michael

**(b)** County of Residence of First Listed Plaintiff __Philadelphia__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Philadelphia__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Hochberg Levin & Zeiger, 1315 Walnut Street, Phila, 19147
(215) 825-5183

Attorneys (If Known)

City Solicitor of Philadelphia, 1515 Arch Street, Phila 19102

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983

Brief description of cause:
Police falsely arrested and assaulted Plaintiff.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
500,000.00

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
03/04/2009

SIGNATURE OF ATTORNEY OF RECORD
_Jay N Hochberg_

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ZAKHAR BALAKIREV**<br>13068 Townsend Road, Apt. 81<br>Philadelphia, PA 19154<br><br>　　　　　　　Plaintiff<br><br>　　V.<br><br>**CITY OF PHILADELPHIA**<br>c/o Law Department<br>15th Floor<br>One Parkway 1515 Arch Street,<br>Philadelphia, PA 19102<br>　　　　　AND<br>**JOSEPH WOLK**<br>c/o Law Department<br>15th Floor<br>One Parkway 1515 Arch Street,<br>Philadelphia, PA 19102<br>　　　　　AND<br>**MICHAEL JOHNCOLA**<br>c/o Law Department<br>15th Floor<br>One Parkway 1515 Arch Street,<br>Philadelphia, PA 19102<br>　　　　　Defendants | **CIVIL ACTION**<br>**NO:**<br>**TRIAL BY JURY DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff by and through his attorney Jay A. Hochberg, Esquire and Hochberg, Levin & Zeiger hereby alleges the following:

### PARTIES

1.　　At all times relevant hereto the Plaintiff ZAKHAR BALAKIREV is an adult individual who resides at the address in the caption.

1

2.      At all times relevant hereto the Defendant City of Philadelphia (hereafter "City"), is a municipal government agency organized under the laws of the Commonwealth of Pennsylvania and with a principal and central office of business located at One Parkway 1515 Arch Street, Philadelphia, PA. 19102.

3.      At all times relevant hereto, Defendant Joseph Wolk (hereinafter "Wolk") and Defendant Michael Johncola (hereinafter "Johncola") are believed to be adult male citizens and residents of the City of Philadelphia who are employees of the City of Philadelphia Police Department with a principal and central office of business located at Police Headquarters, 8th and Race Streets, Philadelphia, PA.   Both are believed to be current City employees and were Philadelphia Police Officers on February 17, 2008.

4.      At all times material hereto, the Defendant City acted through its agents, servants, workmen and/or employees, specifically the City of Philadelphia Police Department in the furtherance of its legislative mandate.

5.      At all times material hereto, the police officers in question  acted under color of law and within the course and scope of their employment, pursuant to their customs, policies, practices, ordinances, regulations, directives specifically for and of the City of Philadelphia Police Department in the furtherance of its legislative mandate. .

## **FACTUAL BACKGROUND**

6.      This is a civil action whereas Plaintiff was falsely arrested and during the course of his arrest, the arresting officers used excessive force, causing injury to Plaintiff.  The civil

2

rights of the Plaintiff were violated. He was deprived of his liberty. He was assaulted. He was falsely imprisoned.

7.    On February 17, 2008, Plaintiff was driving his vehicle at or about 3700 Delaware Avenue in the City and County of Philadelphia. Defendants Wolk and Johncola went to that location in response to a complaint of drag racing. Defendants Wolk and Johncola signaled Plaintiff to pull over, which he did. Defendants Wolk and Johncola then physically assaulted Plaintiff, by, among other actions, slamming his head through the glass rear window of Plaintiff's vehicle. Defenants Wolk and Johncola then arrested Plaintiff, and ultimately charged him with numerous violations of the criminal code. Plaintiff languished in jail for nearly one year before he was acquitted of all the false charges made against him.

8.    At no time did Plaintiff attempt to resist arrest or offer any physical resistance to the police.

9.    At no time did Plaintiff commit any offense against the laws of the Commonwealth of Pennsylvania for which an arrest may be lawfully made, nor was there probable cause for an arrest.

10.    At no time did Plaintiff harass, threaten, resist arrest in any way, commit any illegal acts, or engage in any conduct which in any way justified the actions of the defendants.

11.    The assaults against Plaintiff, his improper and unjustified arrest, transporting, humiliation and the improper search of Plaintiff, his wrongful imprisonment, and the excessive force and assaults against him were the result of Defendant Wolk and Johncola's lack of knowledge of any legitimate cause or justification, and were intentional, malicious, reckless and in bad faith.

3

12.     As a direct and proximate result of the actions of the defendants, Plaintiff was arrested, detained, imprisoned, searched and subjected to excessive force, physical and verbal abuse, injuries and trauma without just or probable cause.

13.     Defendant Wolk and Johncola's conduct and use of excessive force was knowing, intentional, and/or malicious and was calculated to inflict injury to Plaintiff and was not intended to restrain Plaintiff or protect Plaintiff or others from harm.

14.     Defendants Wolk and Johncola conspired to inflict harm on Plaintiff and deprive him of his constitutional rights.

15.     The aforementioned acts and conduct of the Defendants and/or the aforementioned conduct their employees and agents were a factual cause of the harm and damages sustained by the Plaintiff. In the alternative, the aforementioned acts and conduct of the Defendants and/or the aforementioned conduct of their employees and agents was the direct and proximate cause of the harm and damages sustained by the Plaintiff.

16.     The aforementioned acts and conduct of the Defendants and the aforementioned conduct of their employees and agents were a factual cause and the direct and proximate cause of at least the following harm and damages sustained by Plaintiff ZAKHAR BALAKIREV:

A.     Injuries, dysfunctions, impairments, serious impairments of body or bodily functions, pain and trauma to various parts of the body and psyche, some or all of which are permanent including:

- Trauma and distress;
- Physical injuries to various parts of the body including the forehead;
- Flashbacks;
- Psychiatric injuries;

4

- Emotional injuries;
- Pain and suffering;
- Emotional distress;
- Mental anguish and distress;
- Humiliation and embarrassment; and
- Other injuries, the full extent of which is not yet known.

B.      Loss or reduction of earnings and/or earning capacity and/or household services from the date of the injuries to the date of the trial of this case including the increases in wages or compensation that Plaintiff would have received had Plaintiff not sustained the injuries in this accident.

C.      Loss or reduction earnings and earning capacity and/or household services from the date of the trial of this case until Plaintiff's death and work life span including the increases in wages or compensation that Plaintiff would have received had Plaintiff not sustained the injuries in this accident.

D.      Medical expenses of Plaintiff related to or caused by the accident from the date of injury to the date of the trial of this case.

E.      Medical expenses that Plaintiff will incur after the trial of this case until Plaintiff's death related to or caused by the accident.

F.      Pain and suffering that Plaintiff has endured from the date of the injury to the date of the trial of this case.

G.      Pain and suffering that Plaintiff will endure from the date of the injury to the date of Plaintiff's death.

H.    Embarrassment and humiliation that Plaintiff has endured from the date of the injury to the date of the trial of this case.

I.    Embarrassment and humiliation that Plaintiff will endure from the date of the trial of this case to the date of Plaintiff's death.

J.    Loss of ability to enjoy the pleasures of life that Plaintiff has endured from the date of the injury to the date of the trial of this case.

K.    Loss of ability to enjoy the pleasures of life that Plaintiff will endure from the date of the trial of this case to the date of Plaintiff's death.

L.    Attorney Fees.

M.    Incidental costs.

N.    Property damage.

O.    Loss of liberty.

P.    Possible deportation.

17.    Defendants' actions were wilful and outrageous in that their motives and conduct as set forth above were malicious, wanton, reckless, oppressive and so egregious as to shock contemporary conscience.

## COUNT I

## VIOLATION OF 42 U.S.C.A. 1983

## ZAKHAR BALAKIREV v. DEFENDANTS

18.    Plaintiff alleges each and every allegation contained in paragraphs 1 – 17 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

6

19.    Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

20.    Defendants' actions, were taken under colour of state law, are state actions under 42 U.S.C. 1983, and have deprived Plaintiff of his rights, privileges and/or immunities secured by the Constitution and laws of the United States including his right to be free from false arrest, false imprisonment and excessive force.

21    Defendants' actions have violated, and unless enjoined will continue to violate, Plaintiff's constitutionally protected rights of freedom of speech and association, substantive and procedural Due Process, and Equal Protection.  The Defendants also violated his constitutional rights by using excessive force and arresting him without probable cause.

22.    The Plaintiff has the right to be secure in his persons, houses, papers and effects, against unreasonable searches and seizures, and this right was violated, as no warrants were issued upon probable cause or supported by Oath or affirmation or particularly describing the place to be searched, and the persons or things to be seized.

23.    On information and belief, the aforesaid actions of Defendants were taken intentionally, wilfully and/or with deliberate indifference to, or reckless disregard for, the rights secured to Plaintiff.

24.    Defendants' actions as stated herein denied his equal protection of the law in violation of the United States Constitution, the 4th and 8th Amendments, the Due Process Clause of the 14th Amendment, and 42 U.S.C. Section 1983.

7

25.    Defendants' actions as stated herein denied Plaintiff's right to due process in violation of the United States Constitution, the 4th and 8th Amendments, the Due Process Clause of the 14th Amendment, and 42 U.S.C. Section 1983.

26.    Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff ZAKHAR BALAKIREV demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT II - EXCESSIVE FORCE
## ZAKHAR BALAKIREV v. DEFENDANTS

27.    Plaintiff alleges each and every allegation contained in paragraphs 1 – 26 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

28.    Plaintiff believes and therefore avers that the force used upon him was unnecessary and more force than was reasonable and necessary under the circumstances.

29.    Plaintiff believes and therefore avers that Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

30.    Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff ZAKHAR BALAKIREV demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT III – ARREST WITHOUT PROBABLE CAUSE
## ZAKHAR BALAKIREV v. DEFENDANTS

31.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 33 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

32.     Plaintiff believes and therefore avers that he was arrested without probable cause.

33.     Plaintiff believes and therefore avers that Defendants', acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

34.     Defendants' actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

**WHEREFORE**, Plaintiff ZAKHAR BALAKIREV demands compensatory and punitive damages against Defendants, for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT IV - 42 U.S.C.A. 1983
## MONELL CLAIM

## ZAKHAR BALAKIREV v. DEFENDANTS

35.    Plaintiff alleges each and every allegation contained in paragraphs 1 – 34 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

36    The Plaintiff believes and therefore avers that Defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom and/or practice of condoning and/or acquiescing in denying equal protection of the law, condoning excessive force, false arrest, and subjecting its citizens to the same type of treatment to which Plaintiff was subjected.  Said policy, custom and practice violate the Fourth and Fourteenth Amendments of the Constitution of the United States as well as federal statutory law and Pennsylvania law.

37.    The Plaintiff believes and therefore avers that the Defendant, City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, investigate, supervise and discipline its employees, including the individual Defendants, regarding individuals' right to equal protection and to be free from being falsely arrested with excessive force, which policy and/or custom and/or practice violates the Fourth and Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

38.    The Defendant, City of Philadelphia, has been deliberately indifferent to the rights of City citizens to be given equal protection of the law and not be subject to excessive force, which deliberate indifference violates the Plaintiff's rights under the Fourth and Fourteenth

Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

39.   The Plaintiff believes and therefore avers, that at all material times, Defendant, City of Philadelphia, knew or should have known of the above described policy, custom and practice of the Philadelphia Police Department, and that its Police Officers engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

40.   By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, Defendant, City of Philadelphia, condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

41.   The conduct of the City of Philadelphia and/or the conduct of defendants' employees or agents, including the Police Commissioner, and/or policy maker for the City of Philadelphia, were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff. (See above).

**WHEREFORE**, Plaintiff ZAKHAR BALAKIREV demands compensatory and punitive damages against Defendants, for such sums as would reasonably and properly compensate him

for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

### COUNT V - ASSAULT and BATTERY

### ZAKHAR BALAKIREV v. DEFENDANTS

42.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 41 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

43.     The above-described actions of Defendants Wolk and Johncola constitute a battery because their intentional physical contact of touching the Plaintiff was harmful and/or offensive gave the Plaintiff reason to fear or expect immediate bodily harm, and, in fact, caused bodily harm.

44.     Plaintiff believes and therefore avers that Defendants Wolk and Johncola, acting within the course and scope of their authority, wrongfully and unlawfully assaulted and battered the Plaintiff, as more particularly described hereinabove.

45.     Plaintiff specifically complains of the conduct of Defendants Wolk and Johncola in menacing, threatening, harassing and physically abusing him, all of which placed him in imminent fear of bodily harm.

46.     The above-described actions of Defendants Wolk and Johncola placed the Plaintiff in the reasonable fear of imminent bodily harm and resulted in the Plaintiff being unlawfully and improperly assaulted against his will.

47.     Defendants Wolk and Johncola's malicious, intentional and/or reckless actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

12

48.     The above-described actions of Defendants Wolk and Johncola were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff ZAKHAR BALAKIREV demands compensatory and punitive damages against Defendants Wolk and Johncola for the common law tort of assault and battery, for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs and attorneys' fees, and punitive damages.

## COUNT VI - FALSE ARREST
## ZAKHAR BALAKIREV v. DEFENDANTS

49.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 48 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

50.     Plaintiff believes and therefore avers that Defendants Wolk and Johncola through their actions, as more fully set forth in the preceding paragraphs of this complaint, did intentionally falsely arrest Plaintiff.

51.     The above-described malicious, intentional acts of Defendants Wolk and Johncola were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

52.     The malicious, intentional and/or reckless actions of Defendants Wolk and Johncola were a factual cause of and/or caused the Plaintiff's injuries and harm that are described above. (See above).

13

53.    The above-described actions of Defendants Wolk and Johncola were so malicious and intentional and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff ZAKHAR BALAKIREV demands compensatory and punitive damages against Defendants Wolk and Johncola for the common law tort of false arrest, for such sums as would reasonably and properly compensate his for injuries in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT VII - CIVIL CONSPIRACY

## ZAKHAR BALAKIREV v. DEFENDANTS

54.    Plaintiff alleges each and every allegation contained in paragraphs 1 – 53 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

55.    Plaintiff believes and therefore avers that Defendants Wolk and Johncola, through their actions, as more fully set forth in the preceding paragraphs of this Complaint, did intentionally conspire, while acting within the course and scope of their authority, to unlawfully assault, arrest, and imprison Plaintiff, which ultimately caused Plaintiff substantial damages and harm.

56.    Defendants Wolk and Johncola's civil conspiracy for their malicious, intentional and/or reckless actions were a factual cause of and/or caused Plaintiff's substantial damages and harm. (See above).

14

**WHEREFORE**, Plaintiff ZAKHAR BALAKIREV demands compensatory and punitive damages against Defendants, for such sums as would reasonably and properly compensate him for injuries in excess of One Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT VIII - FALSE IMPRISONMENT
## ZAKHAR BALAKIREV v. DEFENDANTS

57.     Plaintiff alleges each and every allegation contained in paragraphs 1 – 56 of this Complaint and incorporates them herein by reference as if the same were set forth at length.

58.     Plaintiff believes and therefore avers that Defendants Wolk and Johncola through their actions, as more fully set forth in the preceding paragraphs of this complaint, did intentionally falsely imprison Plaintiff.

59.     The above-described malicious, intentional acts of Defendants Wolk and Johncola were outrageous, atrocious, and completely intolerable in a civilized society and went beyond all possible bounds of decency.

60.     The malicious, intentional and/or reckless actions of Defendants Wolk and Johncola were a factual cause of and/or caused the Plaintiff's injuries and harm that are described above. (See above).

61.     The above-described actions of Defendants Wolk and Johncola were so malicious and intentional and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff ZAKHAR BALAKIREV demands compensatory and punitive damages against Defendants Wolk and Johncola for the common law tort of false imprisonment,

15

for such sums as would reasonably and properly compensate his for injuries in excess of One

Hundred Fifty Thousand ($150,000.00) Dollars together with delay damages, interest, costs and

attorneys' fees and punitive damages.

Respectfully submitted,

BY:  JAY A. HOCHBERG, ESQUIRE
HOCHBERG, LEVIN & ZEIGER
1315 WALNUT STREET, SUITE 716
 PHILADELPHIA, PA  19107
I.D. 89232
(215) 825-5183
jay@hlzlaw.com

16

## Verification

I, Jay A. Hochberg, Esquire, hereby state that I am the attorney for the Plaintiff in this action and verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  I understand that the statements are made under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_3/4/2009_____
DATE

_Jay A Hochberg____
JAY A. HOCHBERG